IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| John A. Gist, | ) | C/A No.: 1:14-117-RBH-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| State of South Carolina; and Meagan E. Harrigan, Attorney General, | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

John A. Gist ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, alleges a denial of due process by the State of South Carolina ("State") and Attorney General Meagan E. Harrigan ("Harrigan") (collectively "Defendants") associated with Plaintiff's post-conviction relief ("PCR") proceedings. [Entry #1 at 2]. Pursuant to the provisions of 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint without prejudice and without issuance and service of process.

I.    Factual and Procedural Background

Plaintiff indicates that he was civilly committed to a facility in Columbia, South Carolina, by the Department of Mental Health for treatment in a program for sexually violent predators. [Entry #1 at 2; Entry #7 at 1]. Plaintiff alleges that a state court dismissed his PCR application without benefit of an evidentiary hearing. [Entry #1 at 3].

Plaintiff states that he appealed to the South Carolina Supreme Court, which dismissed the appeal. *Id.* A document attached to the complaint reflects that the order Plaintiff attempted to appeal was a conditional order of dismissal. [Entry #1-2]. Plaintiff asks this court to review the PCR application and "reverse" the PCR application for an evidentiary hearing. [Entry #1 at 5].

II.     Discussion

　　A.     Standard of Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations

are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

        1.    State of South Carolina

Plaintiff sues the State of South Carolina in this action. However, the Eleventh Amendment bars suits by citizens against non-consenting states brought either in state or federal court. *See Alden v. Maine*, 527 U.S. 706, 712–13 (1999); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Hans v. Louisiana*, 134 U.S. 1 (1890). Such immunity extends to arms of the state, including a state's agencies, instrumentalities, and employees. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101–02 (1984); *see also Regents of the Univ. of California v. Doe*, 519 U.S. 425, 429 (1997); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment also bars this court from granting injunctive relief against the state or its agencies. *See*

3

*Alabama v. Pugh*, 438 U.S. 781 (1978); *Seminole Tribe of Florida*, 517 U.S. at 58. While sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity of a state, neither of those exceptions applies in the instant case.[1] Therefore, Plaintiff's claims against the State are subject to summary dismissal.

2.   Meagan E. Harrigan, Attorney General

Plaintiff sues defendant Harrigan for actions associated with her representation of the State in Plaintiff's PCR proceedings. To the extent defendant Harrigan was acting as a prosecuting attorney, she is entitled to immunity from suit. Prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pre-trial motions hearings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000).

Further, to the extent defendant Harrigan's actions are not protected by prosecutorial immunity, she is still entitled to summary dismissal from this case because an attorney, whether retained or appointed, does not act under color of state law when performing traditional functions as counsel. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 317–24 nn.8–16 (1981) (public defender); *Hall v. Quillen*, 631 F.2d 1154, 1155–56 nn.2–3 (4th Cir. 1980) (court-appointed attorney); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976)

---

[1] Congress has not abrogated the states' sovereign immunity under § 1983, *see Quern v. Jordan*, 440 U. S. 332, 343 (1979), and South Carolina has not consented to suit in federal district court. S.C. Code Ann. § 15-78-20(e).

(private attorney). Thus, Plaintiff's claims relating to defendant Harrigan's allegedly improper representation of the State during PCR proceedings are subject to summary dismissal.

          3.      District court cannot sit in review of state court proceedings

Plaintiff asks the court to review his PCR application and reverse the case for a proper evidentiary hearing. [Entry #1 at 6]. However, this court is without jurisdiction to consider an appeal from a state court decision. *See* 28 U.S.C. § 1257; *see also District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476–82 (1983) (holding a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). This prohibition on review of state court orders by federal district courts is commonly referred to as the *Rooker-Feldman* doctrine. *See, e.g.*, *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005) (confining *Rooker-Feldman* doctrine to cases brought by state court losers seeking redress for an injury allegedly caused by the state court's decision); *Davani v. Va. Dep't of Transp.*, 434 F.3d 712 (4th Cir. 2006).

Because the *Rooker-Feldman* doctrine is jurisdictional, it may be raised by the court *sua sponte*. *Jordahl v. Democratic Party of Virginia*, 122 F.3d 192, 197 n.5 (4th Cir. 1997). Further, the *Rooker-Feldman* doctrine applies even if the state court litigation has not reached a state's highest court. *See Robart Wood & Wire Prods. Corp. v. Namaco Indus., Inc.*, 797 F.2d 176, 178 (4th Cir. 1986) (holding federal courts must give

full faith and credit to the judicial proceedings of every state).  Thus, the court lacks jurisdiction to review or set aside rulings made in Plaintiff's state PCR proceedings.[2]

III.     Conclusion and Recommendation

For the foregoing reasons, it is recommended that the complaint be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

March 6, 2014                                                      Shiva V. Hodges
Columbia, South Carolina                                  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[2]  While collateral review of any exhausted PCR issues would be available in federal court under 28 U.S.C. § 2254, Plaintiff only seeks relief under § 1983 in this case. [Entry #1 at 2].

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).