IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| John A. Gist | Civil Action No.: 1:14-cv-117-RBH |
| Plaintiff, | |
| v. | **ORDER** |
| State of South Carolina; and Meagan E. Harrigan, Attorney General, | |
| Defendants. | |

Plaintiff John A. Gist ("Plaintiff"), proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 against Defendants State of South Carolina and Meagan E. Harrigan, Attorney General ("Defendants"), alleging denial of due process associated with his post-conviction relief ("PCR") proceedings. *See* Compl., ECF No. 1. The matter is before the Court for review of the Report and Recommendation ("R & R") of United States Magistrate Judge Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina. *See* R & R, ECF No. 11. In the Report and Recommendation, the Magistrate Judge recommends that the Court dismiss the complaint without prejudice and without service of process. *See id.* at 1. She recommends finding that Defendant State of South Carolina is entitled to Eleventh Amendment immunity with regard to Plaintiff's § 1983. *See id.* at 3–4. Moreover, she recommends finding that Defendant Megan E. Harrigan, Attorney General is also immune from suit. *Id.* at 4–5. Finally, she recommends the Court find that it is without jurisdiction to review, on direct appeal, rulings made in Plaintiff's state PCR proceedings. *Id.* at 5–6.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this

Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

No party has filed objections to the Report and Recommendation. In the absence of objections to the Report and Recommendation of the Magistrate Judge, this Court is not required to give any explanation for adopting the recommendations. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

After a thorough review of the record in this case, the Court finds no clear error with the Magistrate Judge's recommended finding that Plaintiff's complaint should be dismissed. The Court finds no clear error with the Magistrate Judge's determination that Defendant State of South Carolina is entitled to Eleventh Amendment immunity with regard to Plaintiff's § 1983 claim. The Court also finds no clear error with the Magistrate Judge's finding that the Court is without jurisdiction to review, on direct appeal, rulings made in Plaintiff's state PCR proceedings. *Id.* at 5–6. Thus, the Court adopts the Magistrate Judge's analysis on those points as its own. The Court does take the opportunity, however, to modify the Magistrate Judge's analysis as to Defendant Megan E. Harrigan, Attorney General's ("Defendant Harrigan") immunity.

The Court finds no clear error with the Magistrate Judge's determination that Defendant Harrigan was entitled to prosecutorial immunity for her role in presenting the State's case in post-conviction proceedings.  Prosecutors have absolute immunity for activities "intimately associated with the judicial phase of the criminal process."  *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).  Such activities include initiating a prosecution and presenting the state's case, as well as a prosecutor's other duties in his role as an advocate for the state prior to initiating prosecution.  *See Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009); *Burns v. Reed*, 500 U.S. 478, 490–92 (1991); *Imbler*, 424 U.S. at 431 & n.33.  Several courts have noted that prosecutorial immunity logically extends to the party representing the state in a post-conviction collateral attack.  *See, e.g.*, *Warney v. Monroe Cnty.*, 587 F.3d 113, 123 (2d Cir. 2009) ("We join these courts in holding that absolute immunity shields work performed during a post-conviction collateral attack, at least insofar as the challenged actions are part of the prosecutor's role as an advocate for the state."); *Bruce v. Wade*, 537 F.2d 850, 852 (5th Cir. 1975) ("The specific acts complained of by appellant—the decision to seek an indictment *and the presentation of witnesses and documentary evidence* at appellant's trial and *at challenges to his conviction*—are within the scope of this *Imbler* shelter." (emphasis added)); *cf. Rice v. Nat'l Sec. Council*, 244 F. Supp. 2d 594, 602 (D.S.C. 2001) ("[P]rosecutorial immunity will extend to the direct appeal and the post-conviction (§ 2255) case.").  Therefore, the Court adopts this portion of the R & R, as Plaintiff has not objected and there is no clear error with the Magistrate Judge's determination.

The Court, however, does have some concerns with the Magistrate Judge's recommended finding that Defendant Harrigan is also entitled to immunity because, as an attorney, she does not act under the color of state law when performing traditional functions of counsel.  *See* R & R, ECF No. 11 at 4–5.  The cases cited by the Magistrate Judge concerned attorneys performing their

3

traditional functions as counsel for the Defendant, not as an attorney for the state. It is true that "[d]efense attorneys do not act 'under color of' state law and are, therefore, not amenable to suit under § 1983, whether privately retained, appointed by the state, or employed as public defenders." *Ward v. Ghee*, 8 F.3d 823 (table), 1993 WL 410357, at *1 (4th Cir. Oct. 13, 1993) (citing *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Hall v. Quillen*, 631 F.2d 1154, 1155–56 (4th Cir. 1980); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976)). Prosecutors, however, are not subject to suit for a different reason—prosecutorial immunity—as discussed above. *See Briscoe v. LaHue*, 460 U.S. 325, 334 (1983) (finding that § 1983 does not permit "damages recoveries from judges, *prosecutors*, and other persons *acting 'under color of law'* who perform official functions in the judicial process" because of "common-law immunity principles" (emphasis added)). Therefore, the R & R is respectfully modified to remove this portion of the analysis. This additional rationale is superfluous in any event in light of the Court's determination that Defendant Harrigan is entitled to prosecutorial immunity.

Accordingly, the Report and Recommendation of the Magistrate Judge is adopted, as modified, and incorporated by reference. Therefore, it is **ORDERED** that Plaintiff's complaint is **DISMISSED** *without prejudice* and without service of process.

**IT IS SO ORDERED.**

                                              s/ R. Bryan Harwell
                                              R. Bryan Harwell
                                              United States District Judge

Florence, South Carolina
April 10, 2014